(No. 2927— )

Herbert E. Roberts, Claimant, vs. State of Illinois, Respondent.

*Opinion filed December 8, 1936.*

Edward M. Burke, for claimant.

Otto Kerner, Attorney General; John Kasserman, Assistant Attorney General, for respondent.

Mr. Justice Yantis delivered the opinion of the court:

Claimant herein seeks an award of One Thousand Five Hundred ($1,500.00) Dollars for damages suffered by him on January 16, 1936 when he ran his automobile against an upright support in a viaduct on a portion of one of the State-aid highways. The basis of the claim is that the State Highway Department was guilty of negligence in the approval of plans and specifications for said highway, and thereby created a condition that was dangerous to the traveling public. The place where the accident occurred was on 26th Street in the Town of Cicero, Illinois. The highway is forty (40) feet in width at 52nd Street where it passes under the bridge or viaduct which spans the highway in question. The upright support about which complaint is made is approximately twenty-eight (28) feet from the north edge of the highway and approximately twelve (12) feet to the south edge of said highway. Claimant avers that it was the duty of the State Highway Engineer or his assistant to cause proper surveys to be made; that they were guilty of negligence in not so doing, and that as a result thereof a public nuisance was created at the point in question, and that it was the duty of the Department of Public Works and Buildings to approve plans, etc., and that they were guilty of failing to exercise ordinary care in approving the plans in question. Claimant further avers that it was the duty of the State to place adequate lights and warning signals wherever dangerous conditions were likely to exist, and that the State failed to place lights and warning signals so as to properly warn the public of the dangerous condition of the highway in question.

The Attorney General has moved to dismiss said complaint for the reason that, in the construction and maintenance of its highways the State acts in its governmental capacity, and is not to be held to respond in damages for the

334

negligent acts of its agents or employees in the construction or maintenance thereof.

The objection of the Attorney General is well taken. This court in conformity with the accepted law in such matters has repeatedly held:

"In the construction and maintenance of roads the State acts in its governmental capacity, it is exercising its sovereign powers, and it does not permit these powers to be questioned by any tribunal. It can only act through its officers and employees, and if these officers perform their duties in a negligent manner the negligence is the negligence of the officers, and not of the State."

> *Chumbler* vs. *State,* 6 C. C. R. 138.
> *Martin & Kellerman* vs. *State,* 8 C. C. R. 417.
> *Walen* vs. *State,* 8 C. C. R. 501.
> *Rehman* vs. *State,* 8 C. C. R. 556.
> *Wentworth* vs. *State,* No. 1971.

The motion to dismiss the claim is allowed and the cause is dismissed.